**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA STREETER, | No. 19-15475 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-01450-JDP |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jeremy D. Peterson, Magistrate Judge, Presiding

Submitted February 2, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

Linda Streeter appeals from the district court judgment affirming the final

decision of the Commissioner of Social Security to deny Streeter's protective

application for benefits under Title II of the Social Security Act. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm the judgment of the district court.  Reviewing the record as a whole, and fulfilling the obligation to resolve conflicts and ambiguities in the record, *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020), the administrative law judge (ALJ) reached conclusions supported by substantial evidence.

The ALJ offered specific, clear, and convincing reasons to discount Streeter's testimony as to "subjective pain or the intensity of symptoms." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded by regulation on other grounds*.  Substantial evidence supported the ALJ's findings that Streeter's testimony was inconsistent with the medical record as a whole, the conservative course of treatment, her part-time work since 2015, her daily activities, and her continued receipt of unemployment benefits (requiring her to certify that she was willing and able to engage in work activity) after the alleged disability onset date. *See id.* at 1112–13 (daily activities); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir.

2007) (conservative treatment); *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (unemployment benefits).[1]

Substantial evidence supported the specific and legitimate reasons given by the ALJ to discount, in part, the opinion of Streeter's treating podiatrist, Dr. Wells. *See Ford*, 950 F.3d at 1154–55; *see also* 20 C.F.R. § 404.1527(c). The ALJ explained adequately that Dr. Wells's opinion was inconsistent with adequate physical functioning reflected in medical records, the conservative course of treatment, clinical findings in Dr. Sharma's consultative examination, and Streeter's daily activities and employment activity since the alleged disability onset date. Contrary to Streeter's argument, the ALJ's decision did not disregard Dr. Wells's medical opinion on the ground that Dr. Wells was a podiatrist. Nor did the ALJ reject Dr. Wells's opinion that Streeter had no transferable skills, because the ALJ concluded that transferability of job skills was immaterial to the determination of disability.

Substantial evidence supported the ALJ's assessment of Streeter's residual functional capacity (RFC), application of the Medical-Vocational Guidelines (the

---

[1] The ALJ's inclusion of personal observations of Streeter's demeanor during the administrative hearing does not require reversal, because the independent reasons supporting the adverse credibility determination were supported by substantial evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

grids), and reliance on the testimony of a vocational expert (VE). The limitations of the RFC, which allows for medium work, are supported by substantial evidence, including the exertional limitations identified by acceptable medical sources, such as Drs. Sharma, Talcherkar, and Greene. *See Ford*, 950 F.3d at 1149; 20 C.F.R. § 404.1545(a). The ALJ gave specific and legitimate reasons for adopting the postural limitations identified by Dr. Greene and rejecting the postural limitations identified by Drs. Sharma, Talcherkar and Wells. Given Streeter's capacity for medium work, Streeter fails to establish that the grids would direct a finding of disability. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, §§ 202.00–203.31. Because the grids did not direct a finding of disability and because Streeter exhibited a mix of exertional and non-exertional limitations, the ALJ correctly turned to the expertise of the VE. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1116 (9th Cir. 2006). The ALJ gave the VE all limitations supported by substantial evidence. Therefore, the ALJ reasonably relied on the testimony of the VE to conclude that Streeter could adjust to other jobs existing in significant numbers in the national economy. *Ghanim*, 763 F.3d at 1166.

**AFFIRMED.**